UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HOUHOULAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION HUMAN RESOURCES, et al.,<br><br>    Defendants. | No. 2:22-cv-0413 TLN DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff John Houhoulas is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, as well as defendants' motion to strike plaintiff's sur-replies. (ECF Nos. 14, 15 & 26.) For the reasons stated below, the undersigned recommends that defendants' motions to dismiss be granted and plaintiffs' complaint dismissed without leave to amend.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on March 4, 2022, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) The complaint alleges, generally, that plaintiff "is a Greek-Hellenic Licensed Rural and Surveying Engineer from 1994 and a

1

Permanent Resident of the United States of America." (Compl. (ECF No.1) at 2.[1]) On multiple occasions plaintiff applied for employment with the California Department of Transportation. (Id. at 4-16.) Plaintiff was "told that Plaintiff's Engineer Education was from Greece and Plaintiff's Degree was not Accredited" and was "rejected." (Id. at 12.) Pursuant to these allegations the complaint asserts that plaintiff was subjected to disparate impact discrimination based on national origin in violation of Title VII of the Civil Rights Act, the California Constitution, the California Code of Regulations, the National Council of Examiners Model Rules, and California Government Code provisions. (Id. at 17-39.)

On July 25, 2022, defendants CSPB and Jennifer Maly—sued in her official capacity—filed a motion to dismiss. (ECF No. 14.) On August 12, 2022, defendant California Department of Transportation filed a motion to dismiss. (ECF No. 15.) Plaintiff filed oppositions on September 21, 2022. (ECF Nos. 18 & 19.) Defendants filed replies on September 30, 2022. (ECF Nos. 20 & 21.) Plaintiff filed sur-replies on October 27, 2022. (ECF Nos. 23 & 24.) On October 28, 2022, defendant California Department of Transportation filed a motion to strike the sur-replies.[2] (ECF No. 26.) On November 9, 2022, defendants CSPB and Jennifer Maly filed an objection to plaintiffs' sur-replies. (ECF No. 29.)

## STANDARDS

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)**

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-replies in evaluating defendants' motion to dismiss. Defendant's motion to strike the sur-replies will, therefore, be denied.

the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

## II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

**I.     Rule 12(b)(5)**

Defendants have moved to dismiss on the grounds that plaintiff has failed to properly serve summons. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45 (1946). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).

Although a defendant's appearance to attack sufficiency of service is an admission that the defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum."); Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir. 1988) (service fails unless defendant returns acknowledgment form); accord Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule"); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.

1982) ("Neither actual notice . . . nor simply naming the person in the caption of the complaint . . . will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4."). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Here, plaintiff attempted to serve the defendants by "leaving a paper copy with Caltrans or other Caltrans employees." (ECF No. 4.) As explained in defendants' motion to dismiss, plaintiff must serve Caltrans through the Attorney General's Office and personally serve the individual defendants. (Defs.' MTD (ECF No. 15) at 10.)

Accordingly, defendants' motion to dismiss for insufficient service of process should be granted.[3]

**II.   Rule 12(b)(6)**

Having reviewed the parties' briefing, the undersigned finds that defendants' motions to dismiss pursuant to Rule 12(b)(6) should be granted for the reasons stated therein and addressed below.

**A.   Title VII**

Plaintiff's complaint alleges that "[t]his is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964" ("Title VII"). (Compl. (ECF No. 1) at 2.) "Title VII exists in large part 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'" Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)). To this end, "Title VII forbids certain employers from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Campbell v. Hawaii Department of Education, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)).

---

[3] Rule 4(m) does provide two avenues for relief. See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013). However, the undersigned need not reach that issue, as plaintiff's complaint should be dismissed without leave to amend for failure to state a claim.

Here, however, defendant CSPB and the individually named defendants are not employers. In this regard, CSPB is simply a "neutral agency that adjudicated plaintiff's appeal from Caltrans' decision to withhold plaintiff from the eligibility list[.]" (Defs.' MTD (ECF No. 14) at 8.) Such an agency is not an employer. See Haddock v. Board of Dental Examiners of California, 777 F.2d 462, 463-64 (9th Cir. 1985) ("We find that Title VII, by its own terms, does not apply to the Board of Dental Examiners. The Board is neither an 'employer,' an 'employment agency,' nor a 'labor organization' within the meaning of the Act."). And the complaint fails to allege how any named individual defendant sued in their official capacity could be considered an employer.[4]

Moreover, the basis of plaintiff's discrimination claim is the assertion that the requirement that job applicants hold a degree from an Accreditation Board of Engineering Technology ("ABET") accredited school has a disparate impact on plaintiff, because plaintiff's degree is from a non-ABET school located in Greece. (Compl. (ECF No. 1) at 17-18.)

However, to state a prima facie disparate impact claim a plaintiff must "(1) identify the specific employment practices or selection criteria being challenged; (2) show disparate impact; and (3) prove causation; 'that is, the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group.'" Sanchez v. City of Santa Ana, 928 F. Supp. 1494, 1499 (C.D. Cal. 1995) (quoting Rose v. Wells Fargo & Co., 902 F.2d 1417, 1424 (9th Cir. 1990)). In this regard proof of a disparate impact is "usually accomplished by statistical evidence showing that an employment practice selects members of a protected class in a proportion smaller than their percentage in the pool of actual applicants." Robinson v. Adams, 847 F.2d 1315, 1318 (9th Cir. 1987).

Here, the complaint does not allege any statistical evidence in support. It is true that "[a]t the pleading stage, the complaint need only allege facts giving rise to plausible inferences that the disparity exists and is caused by the identified practice." Liu v. Uber Technologies Inc., 551

---

[4] According to plaintiff, "Plaintiff is not suing the State of California but specific Civil Officials-Individuals-people[.]" (Pl.'s Sur-Reply (ECF No. 23) at 4.)

6

F.Supp.3d 988, 990 (N.D. Cal. July 30, 2021).  Here, however, the complaint is devoid of facts that could support any inference—let alone a plausible inference—that a disparity exists and is caused by the practice of requiring an accredited degree.

Additionally, the complaint acknowledges that there is "an alternative" that allows those who do not possess an ABET accredited degree to still apply, as long as the applicant possesses "a valid certificate as a Land Surveyor in Training" or "a valid certificate as an Engineer in Training." (Compl. (ECF No. 1) at 10, 22.)  The complaint fails to explain how these allowances comport with plaintiff's discrimination claim.[5]  Instead, the complaint dismisses these alternatives as "pejorative" to people with an "Advanced Foreign Education" and should only apply to "people with no education[.]"  (Id. at 51.)

In this regard, the complaint fails to state a Title VII claim.

**B.   Eleventh Amendment Immunity**

With respect to the complaint's non-Title VII claims, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity.[6]  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").  "[T]he Eleventh Amendment [also] bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state."  Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir. 1994).

////

---

[5] According to defendants, plaintiff could "obtain employment with Caltrans" by simply obtaining one of these certificates which requires a "showing that his education, training, and experience—irrespective of where he obtained it—sufficiently qualifies for the position." (Defs. MTD (ECF No. 20) at 6.)

[6] Eleventh Amendment immunity is not applicable to Title VII claims.  See Fitzpatrick v. Bitzer, 427 U.S. 445, 452 (1976).

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

In this regard, the complaint's non-Title VII claims are barred by Eleventh Amendment immunity. See Barrilleaux v. Mendocino Cnty., 61 F. Supp.3d 906, 915 (N.D. Cal. 2014) ("official capacity state law claims may not be maintained against state officers in federal court"); Carmen v. San Francisco Unified School Dist., 982 F. Supp. 1396, 1402 (N.D. Cal. 1997) ("Because States are immune from suit under the Eleventh Amendment, suits against State agencies in which a judgment would be satisfied out of public funds are also prohibited.").

### C. Tort Claims Act

The complaint seeks, in part, various forms of damages. (Compl. (ECF No. 1) at 40.) "In order to bring suit for damages against a public entity, the California Government Claims Act requires that a plaintiff give notice to the public entity with written claims and that the public entity reject those claims." Brewster v. City of Los Angeles, Case No. EDCV 14-2257 JGB (SPx), 2020 WL 5991621, at *11 (C.D. Cal. July 14, 2020) (citing Cal. Gov. Code §§ 945.4, 905, 910). "The presentation of a claim to a public entity and its rejection are prerequisites to maintaining suit against the entity" and the "[f]ailure to comply with the mandatory requirements is fatal to the cause of action." Nguyen v. Los Angeles Cnty. Harbor/UCLA Medical Center, 8 Cal.App.4th 729, 732 (1992).

////

Here, plaintiff does not dispute failing to comply with the California Government Claims Act. (Pl.'s Sur-Reply (ECF No. 23) at 5.) Instead, plaintiff asserts that "the Claim Issue" is "not subject to the Claims filing requirements of the Tort Claims Act." (Id.) Plaintiff cites to several cases in support of that assertion. As plaintiff appears to acknowledge, however, those cases concern claims brought pursuant to the Fair Employment and Housing Act, which is not at issue in this action. See generally Garcia v. Los Angeles Unified School Dist., 173 Cal.App.3d 701, 710 (1985) ("Actions brought under the Fair Employment and Housing Act, California's own statutory scheme to combat employment discrimination, have also been held exempt from the claim-presentation requirements of the general tort claims act."); Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 863 (1983) ("actions seeking redress for employment discrimination pursuant to the California Fair Employment and Housing Act . . . are not subject to the claim-presentation requirements of the Tort Claims Act").

Accordingly, for the reasons stated above, the undersigned finds that defendants' motions to dismiss should be granted.

### III. Leave to Amend

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the defects noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendants' October 28, 2022 motion to strike (ECF No. 26) is denied.

////

////

9

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 25, 2022 motion to dismiss (ECF No. 14) be granted;

2. Defendants' August 12, 2022 motion to dismiss (ECF No. 15) be granted;

3. The complaint filed March 4, 2022 (ECF No. 1) be dismissed without leave to amend; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 30, 2023

_[signature]_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ houhoulas0413.mtd.f&rs